UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| ROGER MUNSON and<br>EDITH MUNSON,<br><br>    Plaintiffs,<br><br>v.<br><br>WAL-MART STORES EAST, L.P.,<br><br>    Defendant. | No. 1:22-cv-0269-JRG-SKL |

**MEMORANDUM AND ORDER**

Before the Court are eight motions in limine ("MIL") filed by Defendant Wal-Mart Stores East, L.P. ("Defendant") [Doc. 46, Doc. 47, Doc. 48, Doc. 49, Doc. 50, Doc. 51, Doc. 52, & Doc. 53]. Plaintiffs Edith and Roger Munson ("Plaintiffs") have filed timely responses, as well as an untimely supplemental response [Doc. 66] to Defendant's Sixth MIL. Defendant filed a consolidated reply. These motions in limine are now ripe.

**I.    BACKGROUND**

This case arises from a June 2022 incident at a Wal-Mart store in Bradley County. According to Plaintiffs, Edith tripped on a recessed edge of an electrical or drain cover inside the store. Plaintiffs allege Edith fell and sustained serious injuries. In the second amended complaint [Doc. 34], Plaintiffs seek a judgment for $500,000 for Edith's damages, including nearly $120,000 in medical expenses, plus lost earning capacity, pain and suffering, among other damages [Doc. 34 at Page ID # 132-33]. Plaintiffs seek $50,000 for Roger's damages, for costs he incurred while attending to Edith at the hospital, for the value of the services he has provided to Edith, and for "services, companionship and acts of love and affections that he would have received" during their marriage [*id.* at Page ID # 133].

## II. STANDARDS

"In a diversity case, the admissibility of evidence is a procedural matter governed by federal law." *Barnes v. Owens-Corning Fiberglas Corp.*, 201 F.3d 815, 829 (6th Cir. 2000) (citation omitted). A motion in limine is a motion "to exclude anticipated prejudicial evidence before the evidence is actually offered." *Louzon v. Ford Motor Co.*, 718 F.3d 556, 581 (6th Cir. 2013) (quoting *Luce v. United States*, 469 U.S. 38, 40 n.2 (1984)). The goal of a motion in limine is "to narrow the evidentiary issues for trial and to eliminate unnecessary trial interruptions." *Id.* (quoting *Bradley v. Pittsburgh Bd. of Educ.*, 913 F.2d 1064, 1069 (3d Cir. 1990)). As the Sixth Circuit has noted, "[o]rders in limine which exclude broad categories of evidence should rarely be employed. A better practice is to deal with questions of admissibility as they arise." *Sperberg v. Goodyear Tire & Rubber Co.*, 519 F.2d 708, 712 (6th Cir. 1975).

## III. ANALYSIS

### 1. Defendant's MIL #1 – Exclude Speculation

In its First MIL [Doc. 46], Defendant asks the Court to "exclude all evidence, testimony, suggestions, argument, questioning, etc. to witnesses and/or the jury that elicits or requires speculation." [Doc. 46]. Plaintiffs agree speculative evidence should not be permitted pursuant to the Federal Rules of Evidence; however, they oppose Defendant's First MIL on the grounds that Defendant "fails to specify what it is seeking to exclude as speculative proof" [Doc. 56 at Page ID # 295]. In reply, Defendant responds its First MIL "is primarily targeted to preclude Roger Munson from attempting to offer speculative testimony about [Defendant]," citing the fact that Roger worked for Defendant for "29 years prior to the subject accident." [Doc. 67 at Page ID # 344].

Naming the witness it expects to offer speculative testimony does not sufficiently narrow this MIL to permit the Court to rule. As Defendants have identified no speculative testimony or

2

Case 1:22-cv-00269-JRG-SKL   Document 68   Filed 05/20/24   Page 2 of 13   PageID #: 362

other speculative statements/evidence they expect Roger to offer at trial, the Court cannot determine whether there is actually an issue presented in Defendant's First MIL. The Court therefore **DENIES** Defendant's First MIL [Doc. 46] subject to appropriate objections at trial if necessary. Nevertheless, the Court instructs all parties to abide by the Federal Rules of Evidence at trial, and reminds the parties that lay witness testimony must be "rationally based on the witness's perception." Fed. R. Evid. 701. The Court expects that Plaintiffs will not attempt to offer or elicit speculative proof.

2. **Defendant's MIL #2 – Exclude Evidence/Testimony of Liability Insurance**

In its Second MIL [Doc. 47], Defendant asks the Court to exclude "all evidence and testimony from trial regarding liability insurance and Wal-Mart Claims Services, Inc's handling of this claim." [Doc. 47]. In their response, Plaintiffs state they "have no intention of referring to any type of liability insurance," but that Plaintiffs may seek to enter into evidence purported admissions by Defendant regarding Defendant's "negligence and lack of comparative negligence" [Doc. 61]. That is, Plaintiffs anticipate they will testify regarding statements from the "designated agent" for Wal-Mart Claims Services, Inc. made during an interview with Plaintiffs following the accident [*Id.* at Page ID # 315]. According to Plaintiffs, which Defendant does not dispute, Wal-Mart Claims Services, Inc., is Defendant's "own insurance company." [*Id.*]. In reply, Defendant "agrees that the interview and Plaintiffs' statements about the accident and the subject drain cover lid is admissible evidence; however, statements about liability insurance and the 'handling of the claim' should not be admitted into evidence." [Doc. 67 at Page ID # 345].[1]

---

[1] The Final Pretrial Order identifies an "Audio recording of plaintiffs . . . with a representative of Wal-Mart Claims Services" as an exhibit to be used "if need arises." [Doc. 64 at Page ID # 329]. The recording is listed as "subject to partial redaction by Motion in Limine." [*Id.*]. The parties have not submitted the recording as part of any filing, as far as the Court is aware, nor have any proposed redactions been identified.

3

On the current record, the Court is unable to determine whether the alleged statements/proof regarding Defendant's negligence or lack of comparative negligence are proper admissions, nor does Defendant even raise the admission issue in its Second MIL or reply. Defendant seemingly concedes the "interview" between the reference agent and Plaintiffs is admissible, however.

As relevant to the Federal Rule Evidence 411 issue, which Defendant does raise, the Court **ORDERS** the parties to meet and confer as necessary to determine how the "designated agent" for Wal-Mart Claims Services, Inc. should be referred to at trial, and whether and portion of any recording should be redacted to remove any reference to insurance. The parties are **ORDERED** to bring to the Court's attention, outside the presence of the jury, any dispute regarding how the "designated agent" for Wal-Mart Claims Services, Inc. should be referred to at trial or and disagreement about possible redactions of the recorded interview.

Accordingly, Defendant's Second MIL [Doc. 47] is **GRANTED IN PART AND DENIED IN PART** as set forth herein.

3. **Defendant's MIL #3 – Exclude Evidence/Testimony of Subsequent Remedial Measures**

In its Third MIL [Doc. 48], Defendant asks the Court to exclude from trial all evidence and testimony "regarding subsequent remedial measures following plaintiff's accident (including Exhibit #17 to the parties' depositions)." [*Id.* at Page ID # 171]. Defendant cites Federal Rule of Evidence 407:

> When measures are taken that would have made an earlier injury or harm less likely to occur, evidence of the subsequent measures is not admissible to prove:
>
> • negligence;
> • culpable conduct;
> • a defect in a product or its design; or
> • a need for a warning or instruction.

4

> But the court may admit this evidence for another purpose, such as impeachment or--if disputed--proving ownership, control, or the feasibility of precautionary measures.

Exhibit #17 is a picture of a drain cover [Doc. 57-1]. In their response, Plaintiffs state the photograph represents "the method by which [Defendant] ultimately fixed the floor drain by seaming it at floor level," which Plaintiffs intend to submit "simply to show the feasibility of precautionary measures which were taken shortly after June 12, 2022" [Doc. 57 at Page ID # 297-98]. In reply, Defendant points out the photograph was not taken at the Wal-Mart store where Edith fell. Defendant cites to Roger's deposition testimony:

> Q. The photographs we introduced, you don't recall taking any other photographs other than those, do you, of the accident scene? Mainly I wanted to make sure I had gotten a copy of all of them.
>
> A. I will show you my phone. I mean I took three pictures and you've got the three pictures I took.
>
> Q. Do you mind doing that? Let's pull it up and verify it.
>
> A. Okay. This is as of—
>
> Q. (Interposing) June of '22.
>
> A. That's not at that store.
>
> Q. Okay.
>
> A. Okay. One, two, three.
>
> Q. Okay. May I see it? I won't go into any other photographs, I promise.
>
> . . . .
>
> Q. Okay, and then as you were going back through the photographs, you said that's not at the store. Were you showing me another drain cover?
>
> A. Yes.
>
> . . . .

5

> Q. Okay. Tell me about that other one, the fourth one that was not at that store.
>
> A. It has nothing to pertain to this. That's my personal photo. It has nothing to pertain to this.
>
> Q. So, it's got no relevance in this lawsuit is what you're saying?
>
> A. No, it's not going to be introduced. It has nothing to do with this.
>
> Q. Okay. So, you are not going to use that photograph at trial or with a witness or anyone like that?
>
> A. No, not that I'm aware of. I don't know if I ever sent it to him or not. I don't know.
>
> . . . .
>
> Q. All right. In your mind does that unknown photograph have any relevance to this case?
>
> A. Not that I'm aware of.
>
> Q. And you're the one that took the photograph?
>
> . . . .
>
> A. I took that picture.

[Doc. 67-1 at Page ID # 351-54].

Based on this testimony, the applicability of Rule 407 is not clear. *See Bowling v. Scott Cnty., Tenn.*, No. 3:04-CV-554, 2006 WL 2336333, at *5 (E.D. Tenn. Aug. 10, 2006) (citing cases and finding that "[b]ased upon this persuasive authority, the Court concludes that Rule 407 would not be applicable in this case to exclude the evidence of subsequent remedial measures taken by non-parties"). Nevertheless, the Court currently fails to see how evidence of the appearance of a different drain bears any relevance to this case. Nor is it clear Defendant contests the feasibility of repairing the drain at issue in this case, as Defendant contends work on the drain began on June 9, 2022, and was completed by June 15 [Doc. 67 at Page ID # 345].

6

Case 1:22-cv-00269-JRG-SKL   Document 68   Filed 05/20/24   Page 6 of 13   PageID #: 366

It appears the photograph identified as Exhibit 17 is the only possible subsequent remedial measure at issue. Accordingly, Defendant's Third MIL [Doc. 48] is provisionally **GRANTED** to the extent it seeks to exclude the photograph identified as Exhibit 17 at least for the purposes addressed herein. To the extent Plaintiffs can establish a use for the photograph for a purpose not addressed herein, the matter must be taken up before attempted introduction and outside the presence of the jury.

4. **Defendant's MIL #4 – Exclude Evidence/Testimony Regarding Prior Incidents**

In its Fourth MIL, Defendant asks the Court to exclude from trial all evidence and testimony "regarding prior incidents at Wal-mart." [Doc. 49 at Page ID # 173]. Defendant does not identify any particular prior incidents it seeks to exclude; rather, it contends Plaintiffs "have no evidence of any substantially similar incidents at Wal-Mart." [*Id.*; *see also Galloway v. Big G Express, Inc.*, No. 3:05-CV-545, 2008 WL 2704443, at *3 (E.D. Tenn. July 3, 2008) ("The Sixth Circuit has recognized that 'prior accidents must be 'substantially similar' to the one at issue before they will be admitted into evidence.'" (quoting *Rye v. Black & Decker Mfg. Co.*, 889 F.2d 100, 103 (6th Cir. 1989))]. To be substantially similar, "the accidents must have occurred under similar circumstances or share the same cause." *Cone v. Hancock Tire Co., Ltd.*, No. 14-1122-STA-egb, 2017 WL 2371237, at *5 (W.D. Tenn. May 31, 2017) (quoting *Croskey v. BMW of N. Am., Inc.*, 532 F.3d 511, 518 (6th Cir. 2008)).

In their response, Plaintiffs do not identify any particular incidents they will seek to introduce [*see* Doc. 58]. And Defendant reiterates its position in reply, contending Plaintiffs have not identified any prior similar incidents, such that its Fourth MIL "conforms with the evidence that were not any prior accidents at Wal-Mart that were 'substantially the same.'" [Doc. 67 at Page ID # 346].

7

As Defendants have identified no testimony or other evidence of prior incidents they expect to be offered at trial, the Court cannot determine whether there is actually an issue presented by Defendant's Fourth MIL. The Court therefore **DENIES** Defendant's Fourth MIL [Doc. 49] subject to appropriate objections at trial if necessary. To the extent Plaintiffs seeks to introduce proof of any prior incident at trial, they are **ORDERED** to bring the issue to the Court's attention outside the presence of the jury, and to be prepared to address the factual similarity of the incident to the case at bar in accordance with applicable standards.

5. **Defendant's MIL #5 – Exclude Evidence/Testimony Regarding Future Medical Treatment**

In its Fifth MIL, Defendant moves to exclude from trial all evidence and testimony regarding any future medical treatment for Edith. In support, Defendant cites to the deposition testimony of Dr. Chad Smalley, who treated Plaintiff's right shoulder injury after the incident in question. Dr. Smalley testified he believed Edith had a good recovery and he did not expect Edith to require any additional medical treatment related to her right shoulder [Doc. 50-1].

In their response, Plaintiffs state they "do not raise any controversy" [Doc. 59] to Defendant's fifth MIL. Accordingly, Defendant's Fifth MIL [Doc. 50] is **GRANTED**.

6. **Defendant's MIL #6 – Exclude Evidence/Testimony Regarding Medical Bills/Medical Expenses**

In its Sixth MIL, Defendant moves to exclude from trial all evidence and testimony "regarding any incurred medical bills/medical expenses as a result of the accident at Wal-Mart." [Doc. 51 at Page ID # 186]. "Under Tennessee law, a plaintiff seeking to recover past medical expenses must present expert testimony to prove (1) that his past medical expenses were reasonable and necessary and (2) that the injury was, in fact, caused by the incident at issue." *Jones v. Hill*, No. 2:18-cv-02511-JTF-tmp, 2021 WL 698860, at * (W.D. Tenn. Feb. 23, 2021) (citing *Adams v. Farbota*, 306 F.R.D. 563, 570 (M.D. Tenn. 2015)); *see also Borner v. Autry*, 284

8

S.W.3d 216, 218 (Tenn. 2009) ("An injured plaintiff bears the burden of proving that medical expenses the plaintiff is seeking to recover are necessary and reasonable.").

Dr. Smalley testified in his deposition regarding Plaintiff's medical bills. In its Sixth MIL, Defendant relies on the following testimony from Dr. Smalley's deposition:

> Q. And, Doctor, what is your opinion within a reasonable degree of medical certainty as to what caused the new complaints that Mrs. Munson presented on June 15, 2022 which needed a reverse total shoulder arthroplasty?
>
> A. It's pretty clear that the fall led to the recurrent tear in the rotator cuff tendon.
>
> Q. Is that the fall that she reported occurring on June 12, 2022?
>
> A. That's correct.
>
> Q. Doctor, before this deposition I sent a list of medical bills and a listing totally $119,186.30. Have you had a chance to at least look at the listing, and are those bills that I have provided to you that were ordered by you, are they reasonable and necessary for your care of Mrs. Munson for her June 12, 2022 injury?
>
> A. Yes, I reviewed them, and, yes, I do think they are reasonable.

[Doc. 51-1 at Page ID # 193].

Citing this testimony, Defendant argues, "[a]lthough Dr. Smalley testified that he thinks that Plaintiff's medical bills were reasonable, Dr. Smalley did not offer an opinion whether Plaintiff's post-accident medical treatment was necessary medical treatment as a result of the accident at Wal-Mart." [Doc. 51 at Page ID # 187].

A three-paragraph motion in limine is not the proper vehicle for the relief Defendant seeks in MIL #6 [*see* Doc. 14 at Page ID # 61 ("A motion in limine is not a substitute for the filing of an appropriate dispositive motion. A motion in limine that is dispositive in nature is subject to summary denial.")]; *see also Louzon*, 718 F.3d at 562 (reversing district court's grant of MIL because resolution of the issue in the MIL, "whether Louzon's evidence is insufficient as a matter

9

of law—requires a summary-judgment analysis."). The jury will be called upon to interpret Dr. Smalley's testimony in light of all of the other evidence presented at trial. To the extent Defendant contends there is insufficient evidence to put the question of the reasonableness and necessity of Plaintiff's medical bills to the jury, Defendant's motion is premature. Neither party has suggested let alone demonstrated Dr. Smalley is not subject to being called or subpoenaed to testify at trial if needed. The *Jones* decision, which both parties cite, was issued following a bench trial and post-trial briefs, and was therefore based on a full trial record. 2021 WL 698860, at *1. A reasonable juror could interpret Dr. Smalley's testimony as indicating the medical bills are reasonable and necessary due to Edith's June 2022 fall, particularly considering the other testimony and evidence Plaintiffs cite.

As to Plaintiffs' proposal that Dr. Smalley's deposition be reopened "to have his answer as to whether the charges that he made were necessary under oath," the Court notes no motion has been filed seeking such relief, and the Court will not entertain such requests for relief made in response to a motion. *See* Fed. R. Civ. P. 7(b) ("A request for a court order must be made by motion.").

Accordingly, Defendant's Sixth MIL [Doc. 51] is **DENIED**.[2]

7.      **Defendant's MIL #7 – Exclude Witnesses Not Properly Disclosed**

In its Seventh MIL [Doc. 52], Defendant asks the Court to exclude three of Plaintiffs' witnesses from testifying at trial: Heather Carr, Timothy Miller, and Bethany Miller. According

---

[2] Plaintiffs' supplemental response [Doc. 66] to Defendant's Sixth MIL includes an errata sheet, wherein Dr. Smalley states, "Yes, the charges that are exhibit 4 are reasonable and necessary." [Doc. 66-1 at Page ID # 342]. No party has addressed whether the errata sheet is proper under Federal Rule of Civil Procedure 30(e), and the Court declines to do so. *See Erie Ins. Co. v. Rauser*, No. 3:19-cv-00375, 2021 WL 12099637, at *2-3 (E.D. Tenn. Jan. 28, 2021) (discussing permitted changes to deposition testimony). However, the Court concludes Defendant's Sixth MIL should be denied even without consideration of the errata sheet submitted in connection with the untimely supplemental response.

10

to Defendant, these three witnesses were disclosed for the first time when they were listed as "may call" witnesses on Plaintiffs' final witness list [Doc. 37]. Defendant moves to exclude them from testifying pursuant to Federal Rules of Civil Procedure 26 and 37. Plaintiffs did not file a response to Defendant's Seventh MIL and the time for doing so has now passed. *See* Doc. 14 at Page ID # 61; *see also* E.D. Tenn. L.R. 7.1. The Court deems Plaintiffs' failure to respond to be a waiver of any opposition to the relief sought. *See* E.D. Tenn. L.R. 7.2. Accordingly, and without opposition, Defendant's Seventh MIL [Doc. 52] is **GRANTED**. Heather Carr, Timothy Miller, and Bethany Miller are hereby **EXCLUDED** from testifying at trial, unless they are called to testify solely for impeachment purposes consistent with the requirements of Rule 26.

8. **Defendant's MIL #8 – Exclude Evidence/Testimony Regarding Loss of Earning Capacity**

In its Eighth MIL [Doc. 53], Defendant asks the Court to exclude from trial all evidence and testimony "regarding any claimed loss of earning capacity as a result of the accident" [Doc. 53 at Page ID # 208]. The parties agree Plaintiffs must show "(1) the existence of some earning capacity prior to the injury, (2) proof that this earning capacity has been lost or diminished, (3) proof that the lost or diminished earning capacity is proximately caused by the injury, and (4) proof of the dollar amount of the loss." [Doc. 53 at Page ID # 208 (quoting *Adams v. Farbota*, 306 F.R.D. 563, 570 (M.D. Tenn. 2015)); *see also* Doc. 60 at Page ID # 305].

In their response, Plaintiffs cite to Dr. Smalley's deposition, which appears to support that Edith's functional capacity was permanently reduced as a result of the subject incident. Plaintiffs then contend that during Edith's deposition, "she testified that she had lost one of her post-accident employments because of her inability to keep her arms extended in an otherwise sedentary job." [Doc. 60 at Page ID # 305]. As far as the Court can tell, the record does not contain a transcript of this testimony, and neither party cites to any filing in the record containing a transcript of Edith's deposition. Plaintiffs concede Edith "did not give any specific amounts that she lost as a result of

11

this inability to perform this position in Cleveland, Tennessee, which would have substantially reduced her commuting time" [*id.* at Page Id # 305-06].

In its reply, Defendant addresses only whether Edith actually lost any work/employment [Doc. 67 at Page ID # 346]. Defendant cites to Edith's discovery responses, wherein she states she began working for Common Spirit Health as a medical billing professional in March 2021, which pre-dates the subject incident by about three months [*see* Doc. 52-1 at Page ID # 203-04].

Defendant's Eighth MIL [Doc. 53] is **DENIED** on the current record. The discovery response Defendant cites also states: "From 2020 to 2021, I was employed by Tennova Hospital in Cleveland as a medical receptionist." [Doc. 52-1 at Page ID #204]. It certainly appears Edith stopped working at the hospital in Cleveland at the end of 2020, based on the wording of the response. Nevertheless, the response is somewhat ambiguous, and it is unclear whether Edith worked two jobs for a period of time (or if there is some other explanation). As for the specific dollar amounts, the Court notes Edith is permitted to "testify about personal observations and reasonable inferences drawn from those observations" regarding the lost money she would have continued earning. *Killian v. Yorozu Automotive Tenn., Inc.*, 454 F.3d 549, 558 (6th Cir. 2006) (permitting hairdresser to provide lay testimony regarding expected earnings in FMLA case involving claim for lost earnings).

## IV. CONCLUSION

In summary, and to the extent set forth above:

- Defendant's First MIL [Doc. 46] is **DENIED**.

- Defendant's Second MIL [Doc. 47] is **GRANTED IN PART AND DENIED IN PART**

- Defendant's Third MIL [Doc. 48] is provisionally **GRANTED**.

- Defendant's Fourth MIL [Doc. 49] is **DENIED**.

- Defendant's Fifth MIL [Doc. 50] is **GRANTED**.

12

- Defendant's Sixth MIL [Doc. 51] is **DENIED**.

- Defendant's Seventh MIL [Doc. 52] is **GRANTED**.

- Defendant's Eighth MIL [Doc. 53] is **DENIED**.

The parties are reminded of their obligation to confer and to make a good faith effort to resolve any remaining Federal Rule of Evidence 411 disputes.

SO ORDERED.

ENTER:

*s/ Susan K. Lee*
SUSAN K. LEE
UNITED STATES MAGISTRATE JUDGE